IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| CEDRIC DEWAYNE THOMPSON | § | |
| VS. | § | CIVIL ACTION NO. 1:22-CV-130 |
| DIRECTOR, TDCJ-CID | § | |

MEMORANDUM OPINION REGARDING TRANSFER

Petitioner, Cedric DeWayne Thompson, an inmate currently confined at the Ramsey Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se*, brings this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

The above-styled action was referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636 and the Local Rules for the Assignment of Duties to the United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

Discussion

Title 28 U.S.C. § 2254(a) allows a district court to "entertain an application for writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A state prisoner is required to file his federal petition for writ of habeas corpus in either the district where the prisoner is incarcerated or the district where the prisoner was convicted and sentenced. 28 U.S.C. § 2241(d). Although both district courts have jurisdiction to entertain the application, "[t]he district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination." *Id*.

Petitioner is incarcerated at the Ramsey Unit located within the Southern District of Texas, Galveston Division. Petitioner challenges a conviction from Cherokee County, Texas located in the Eastern District of Texas, Tyler Division. While this court, sitting in the Beaumont Division of the

Eastern District of Texas, has jurisdiction over this § 2254 petition, the undersigned finds that for the convenience of the parties and witnesses and in the interest of justice, venue should be transferred to the Eastern District of Texas, Tyler Division, the division where Petitioner was convicted and sentenced and where the application could have been brought.  28 U.S.C. § 1404 ("[f]or the convenience of the parties and witnesses and in the interest of justice, a district court may transfer a civil action to any district or division where it might have been brought"); *see also Henderson v. Quarterman*, No. 3:07-CV-248-B, 2007 WL 1411558 (N.D. Tex. May 11, 2007) (citing 28 U.S.C. § 1404 and noting that, "[i]f there is any possibility that an evidentiary hearing may be necessary, a district court should transfer a petition to the district or division in which the petitioner was convicted and sentenced").

## Conclusion

The court has considered the circumstances underlying the particular facts of this case and has determined that the interests of justice would be served by transferring this petition to the division where Petitioner was convicted.  Therefore, the petition should be transferred to the Tyler Division of the Eastern District of Texas for hearing and determination.  An order transferring the case will be entered by the undersigned.

SIGNED this 5th day of April, 2022.

_____
Zack Hawthorn
United States Magistrate Judge